IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIEGO DANIEL MEJIA, ANGEL MORALES, VICTOR MEJIA, and LUIS ENRIQUE NAVA, on behalf of themselves and similarly situated persons, ) ) ) ) ) ) | |
| Plaintiffs, ) | Case No. |
| ) | |
| v. ) | Judge |
| ) | |
| SILVIA ARCEO d/b/a TACOS NIETOS, AGUSTIN ARCEO, individually, and FRANCISCO ARCEO, individually, ) ) ) ) | Magistrate Judge |
| Defendants. ) | |

**COMPLAINT**

Plaintiffs Diego Daniel Mejia, Angel Morales, Victor Mejia, and Luis Enrique Nava, through their attorneys, for their Complaint against Defendants Silvia Arceo d/b/a Tacos Nietos, Agustin Arceo, individually, and Francisco Arceo, individually, state as follows:

**INTRODUCTION**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Chicago Minimum Wage Ordinance, Chicago, Ill., Code § 1-24-010 *et seq.* ("Chicago MW"), for Defendants' failure to 1) pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA, the IWML, and the Chicago MW, 2) pay Plaintiff Luis Enrique Nava at least the federal, Illinois, and Chicago-mandated minimum wages for all time worked in violation of the FLSA, the IMWL, and the Chicago MW, and 3) pay Plaintiff Angel Morales at least the Illinois-mandated minimum wage for all time worked in violation of the

IMWL. For the overtime wage claim arising under the FLSA, Plaintiffs bring this suit as a collective action pursuant to Section 216(b) of the FLSA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' state and municipal law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district because Defendants' place of business is located within this judicial district and the events giving rise to Plaintiffs' claims occurred in this judicial district.

## PARTIES

**A.    Plaintiffs**

4. During the course of his employment, Plaintiff Diego Daniel Mejia:

   a.    has handled goods that move in interstate commerce;

   b.    was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3, and the Chicago MW, Chicago, Ill., Code § 1-24-010; and

   c.    resides in and is domiciled in this judicial district.

5. During the course of his employment, Plaintiff Angel Morales:

   a.    has handled goods that move in interstate commerce;

   b.    was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3, and the Chicago MW, Chicago, Ill., Code § 1-24-010; and

   c.    resides in and is domiciled in this judicial district.

6. During the course of his employment, Plaintiff Victor Mejia:

    a. has handled goods that move in interstate commerce;

    b. was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3, and the Chicago MW, Chicago, Ill., Code § 1-24-010; and

    c. resides in and is domiciled in this judicial district.

7. During the course of his employment, Plaintiff Luis Enrique Nava:

    a. has handled goods that move in interstate commerce;

    b. was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3, and the Chicago MW, Chicago, Ill., Code § 1-24-010; and

    c. resides in and is domiciled in this judicial district.

**B. Defendants**

8. Within the relevant time period, Defendants have done business as Tacos Nietos at two locations within this judicial district.

9. Within the relevant time period, Defendants have operated their two Tacos Nietos restaurants as a joint enterprise. For example,

    a. Tacos Nietos restaurants share common principal officers;

    b. Tacos Nietos restaurants use common human resources to administer the two restaurants it operates; and

    c. Tacos Nietos restaurants operate their two locations under a common business purpose.

10. Within the relevant time period, Defendant Silvia Arceo d/b/a Tacos Nietos:

    a.    has been a sole proprietor doing business as Tacos Nietos in Illinois and within this judicial district;

    b.    has conducted business in Illinois and within this judicial district;

    c.    has been an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) of the FLSA;

    d.    among other things, Defendant Silvia Arceo had authority to hire and fire, to direct and supervise the work of Plaintiffs, to authorize payment of wages to Plaintiffs, to sign on the business' checking accounts, including any payroll account, and to participate in any decisions regarding the operation of the business and employment policies and practices;

    e.    has had two (2) or more employees who have handled goods that moved in interstate commerce; and

    f.    was Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the Chicago MW, Chicago, Ill., Code § 1-24-010.

11.    Within the relevant time period, Defendant Agustin Arceo:

    a.    has been an operator of Tacos Nietos;

    b.    among other things, Defendant Agustin Arceo has had the authority to hire and fire, to direct and supervise the work of Plaintiffs and other similarly situated employees, to authorize payment of wages to Plaintiffs and other similarly situated employees, to sign on the company's checking accounts,

including any payroll accounts, and to participate in any decisions regarding the operation of the business and employment policies and practices;

    c. operates within this judicial district and within the state of Illinois; and

    d. was Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the Chicago MW, Chicago, Ill., Code § 1-24-010.

12. Within the relevant time period, Defendant Francisco Arceo:

    a. has been an operator of Tacos Nietos;

    b. among other things, Defendant Agustin Arceo has had the authority to hire and fire, to direct and supervise the work of Plaintiffs and other similarly situated employees, to authorize payment of wages to Plaintiffs and other similarly situated employees, to sign on the company's checking accounts, including any payroll accounts, and to participate in any decisions regarding the operation of the business and employment policies and practices;

    c. operates within this judicial district and within the state of Illinois; and

    d. was Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the Chicago MW, Chicago, Ill., Code § 1-24-010.

**FACTUAL BACKGROUND**

13. Defendants own and operate two (2) Tacos Nietos restaurants, located at 3335 E. 106th Street, Chicago, Illinois ("106th Street"), and 2863 E. 95th Street, Chicago, Illinois ("95th Street").

14. Since approximately 2012 until the present, Plaintiff Diego Daniel Mejia has been employed by Defendants to work at the Tacos Nietos restaurant located on 106th Street.

15. Since approximately April 2014 through August 30, 2015, Plaintiff Angel Morales has been employed by Defendants to work at the Tacos Nietos restaurant located on 106th Street.

16. Since approximately 2010 through August 30, 2015, Plaintiff Victor Mejia has been employed by Defendants to work at the Tacos Nietos restaurant located on 106th Street.

17. Since approximately February 2015 until the present, Plaintiff Luis Enrique Nava has been employed by Defendants to work at both Tacos Nietos restaurants located on 106th Street and 95th Street.

18. Within the three (3) years prior to Plaintiffs filing this Complaint, Defendants regularly and customarily required Plaintiffs to work in excess of forty (40) hours in individual work weeks, but did not compensate them at one and a half times their regular rate of pay for time worked in excess of forty (40) hours in individual work weeks.

19. Within the three (3) years prior to Plaintiffs filing this Complaint, Defendants have likewise directed other similarly situated employees to work in excess of forty (40) hours in individual work weeks, but failed to compensate them at time and a half their regular rate of pay for all time worked in excess of forty (40) hours in those work weeks.

20. Defendants instead paid Plaintiffs and other similarly situated employees a fixed salary for all time worked.

21. Defendants' practice resulted in a failure to compensate Plaintiffs and other similarly situated employees at time and a half their regular rate, which resulted in violations of the overtime requirements of the FLSA, the IMWL, and the Chicago MW.

22. During the relevant time period, Defendants paid Plaintiff Nava a set amount of wages each week as compensation for all hours worked in that individual work week.

23. This compensation scheme resulted in Plaintiff Nava's hourly rate to fall below the federal- and Illinois-mandated minimum wage rates, resulting in violations of the minimum wage requirements of the FLSA and the IMWL.

24. On July 1, 2015, the Chicago Minimum Wage Ordinance went into effect raising the minimum wage rate in the City of Chicago to $10 an hour.

25. Defendants' continued use of the fixed salary pay scheme, as described in paragraph 22, *supra*., resulted in Plaintiff Nava's hourly rate to fall below the City of Chicago-mandated minimum wage rate, resulting in a violation of the minimum wage requirements of the Chicago MW.

26. During his first two weeks of employment, Defendants paid Plaintiff Morales a set amount of wages each week as compensation for all hours worked in that individual work week.

27. During his first two weeks of employment, this compensation scheme resulted in Plaintiff Morales' hourly rate to fall below the Illinois-mandated minimum wage, resulting in a violation of the minimum wage requirements of the IMWL.

28. During the relevant time period, Plaintiffs D. Mejia, V. Mejia, and Morales complained to Defendants about issues with their pay.

29. Defendants retaliated against Plaintiffs D. Mejia, V. Mejia, and Morales after they complained about issues with their pay through verbal threats and continued harassment, resulting in a hostile work environment for Plaintiffs D. Mejia, V. Mejia, and Morales and the constructive discharge of Plaintiffs Morales and V. Mejia.

**COUNT I**
**Violation of the FLSA – Overtime Wages**
**Plaintiffs on behalf of themselves and other similarly situated employees**
*Section 216(b) Collective Action*

Plaintiffs incorporate and re-allege paragraphs 1 through 29 of this Complaint as though set forth herein.

30. This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiffs and similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks, described more fully in paragraphs 14-21, *supra.*

31. Defendants directed Plaintiffs to work, and Plaintiffs, in fact, did work in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiffs filing this lawsuit.

32. Other similarly situated employees were likewise directed to work by Defendants and, in fact, did work in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiffs filing this lawsuit.

33. Plaintiffs and other similarly situated employees were not exempt from the overtime provisions of the FLSA.

34. Plaintiffs and other similarly situated employees were entitled to be paid overtime wages at the premium rate of one and a half times their regular hourly rate for all time worked in excess of forty (40) hours in individual work weeks.

35. Defendants did not pay Plaintiffs and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

36. Defendants' failure to pay Plaintiffs and other similarly situated employees the overtime wages for all time worked in excess of forty (40) hours in individual work weeks was a violation of the FLSA.

37. Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiffs and the Collective pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA. Plaintiffs' consents to represent are attached hereto as Exhibit A.

B. A judgment in the amount of unpaid overtime wages for all time Plaintiffs and other similarly situated employees worked in excess of forty (40) hours in individual work weeks;

C. Liquidated damages in the amount equal to the unpaid overtime wages;

D. That the Court declare that Defendants violated the FLSA;

E. That the Court enjoin Defendants from violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

G. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the IMWL – Overtime Wages
### On behalf of all Named Plaintiffs

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 37 as though set forth herein.

38. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks, as described more fully in paragraphs 14-21, *supra.*

39. Defendants directed Plaintiffs to work, and Plaintiffs, in fact, did work in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiffs filing this lawsuit.

40. Plaintiffs were not exempt from the overtime provisions of the IMWL.

41. Plaintiffs were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual wok weeks.

42. Defendants did not pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

43. Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks was a violation of the IMWL.

44. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this lawsuit up until the entry of judgment on this case.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs in excess of forty (40) hours in individual work weeks as provided by the IMWL;

B. Statutory damages for each Plaintiff pursuant to the formula set forth in 820 ILCS 105/12(a);

C. That the Court declare that Defendants violated the IMWL;

D. That the Court enjoin Defendants from violating the IMWL;

E. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the FLSA – Minimum Wages
### On behalf of Plaintiff Nava only

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 44 as though set forth herein.

45. This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiff Nava the minimum rate of pay for all time worked in individual work weeks, described more fully in paragraphs 22-23, *supra*.

10

46. Plaintiff Nava was directed to work and, in fact, did work, but was not compensated at the mandated federal minimum wage rate for all time worked.

47. Plaintiff Nava was entitled to be compensated at the mandated federal minimum wage rate pursuant to the FLSA.

48. Defendants violated the FLSA by failing to compensate Plaintiff Nava the mandated federal minimum wage rate for all time worked.

49. Plaintiff Nava is entitled to recover unpaid wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay the mandated federal minimum wage was a willful violation of the FLSA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of the difference between the federally-mandated minimum wage rate and the hourly wage paid to Plaintiff;

B. Liquidated damages in the amount equal to the unpaid minimum wages;

C. That the Court declare that Defendants violated the FLSA;

D. That the Court enjoin Defendants from violating the FLSA;

E. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

F. Such other and further relief as this Court deems appropriate and just.

### COUNT IV
### Violation of the IMWL – Minimum Wages
### On behalf of Plaintiffs Nava and Morales only

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 49 as though set forth herein.

50. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiffs Nava and Morales the minimum rate of pay for all time worked in individual work weeks, described more fully in paragraphs 22-23, 26-27, *supra*.

51. Plaintiffs Nava and Morales were directed to work and, in fact, did work, but were not compensated at the mandated state minimum wage rate for all time worked.

52. Pursuant to 820 ILCS 105/4, Plaintiffs Nava and Morales were entitled to be compensated at least the then-mandated Illinois minimum wage rate for all hours worked.

53. Defendants violated the IMWL by failing to compensate Plaintiffs Nava and Morales the Illinois-mandated minimum wage rate for all time worked.

54. Pursuant to 820 ILCS 10/12(a), Plaintiffs Nava and Morales are entitled to recover unpaid minimum wages, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments, for three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of the difference between the Illinois-mandated minimum wage rate and the hourly wage paid to Plaintiffs;

B. Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS 105/12(a);

C. That the Court declare that Defendants violated the IMWL;

D. That the Court enjoin Defendants from violating the IMWL;

E. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq*.; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Chicago MW – Minimum Wages
### On behalf of Plaintiff Nava only

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 54 as though set forth herein.

55. This Count arises from Defendants' violation of the Chicago MW for Defendants' failure to pay Plaintiff Nava the minimum City of Chicago-mandated rate of pay for all time worked in individual work weeks, described more fully in paragraphs 22-25, *supra*.

56. Plaintiff Nava was directed to work and, in fact, did work, but was not compensated at least the City of Chicago-mandated minimum wage rate for all time worked.

57. Plaintiff Nava was entitled to be compensated at the City of Chicago-mandated minimum wage rate pursuant to the Chicago MW.

58. Defendants violated the Chicago MW by failing to compensate Plaintiff Nava the City of Chicago-mandated minimum wage rate for all time worked.

59. Pursuant to Chicago, Ill., Code § 1-24-110, Plaintiff Nava is entitled to recover three times (3x) the amount of the unpaid minimum wages for three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of three times (3x) the difference between the City of Chicago-mandated minimum wage rate and the hourly wage paid to Plaintiff;

B. That the Court declare that Defendants violated the Chicago MW;

D. That the Court enjoin Defendants from violating the Chicago MW;

E. Reasonable attorneys' fees and costs of this action as provided by the Chicago MW, Chicago, Ill., Code § 1-24-110; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT VI
### Violation of the FLSA – Retaliation
### On behalf of Plaintiffs D. Mejia, V. Mejia, and Morales only

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 59 as though set forth herein.

60. This Count arises from Defendants' violation of the FLSA for Defendants' retaliatory acts against Plaintiffs, described more fully in paragraphs 28-29, *supra*.

61. Plaintiffs D. Mejia, V. Mejia, and Morales complained to Defendants about issues with their pay.

62. Defendants retaliated against Plaintiffs because of their complaints.

63. Pursuant to the FLSA, it is unlawful to discharge or in any other manner discriminate against employees because such employee has made a complaint relating to the FLSA.

64. Defendants' retaliatory acts against Plaintiffs were in violation of the FLSA.

65. Plaintiffs D. Mejia, V. Mejia, and Morales are entitled to recover such legal and equitable relief as may be appropriate to effectuate the purposes of Section 15(a)(3) of the FLSA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment for compensatory and punitive damages;

B. That the Court declare that Defendants violated the FLSA;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: September 4, 2015

s/Lydia Colunga-Merchant
Lydia Colunga-Merchant
Yolanda Carrillo
Raise the Floor Alliance – Legal Dept.
1 N. LaSalle, Suite 1275
Chicago, Illinois 60602
(312) 795-9115

Attorneys for Plaintiffs