IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DIEGO DANIEL MEJIA, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | No. 15 C 7803 |
| | ) | |
| **AGUSTIN ARCEO, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Silvia Arceo's motion to dismiss. For the reasons stated below, the motion to dismiss is denied.

## BACKGROUND

Plaintiffs were allegedly employees at Tacos Nietos restaurants (Restaurants) in Chicago, Illinois. Defendant Silvia Arceo and Defendant Karla Arceo are allegedly the sole proprietors of the Restaurants. Defendant Agustin Arceo and Defendant Francisco Arceo are allegedly the operators of the Restaurants. Defendants allegedly required Plaintiffs to work in excess of forty hours in individual work weeks and did not properly compensate them for overtime. Defendants also allegedly retaliated against some of Plaintiffs after they complained

1

about not being properly compensated for overtime. Plaintiffs include in their second amended complaint claims brought under the Fair Labor Standards Act (FLSA), 29 U.S.C.§ 201 *et seq.* based on a failure to pay proper overtime wages (Count I), claims brought under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* based on a failure to pay proper overtime wages (Count II), and FLSA retaliation claims (Count III). Silvia Arceo now moves to dismiss the claims brought against her pursuant to Federal Rule of Civil Procedure 12(b)(2) (Rule 12(b)(2)).

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a party can move to dismiss claims for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). When the court adjudicates a motion to dismiss brought pursuant to Rule 12(b)(2) based on written materials submitted to the court, "the plaintiff need only make out a *prima facie* case of personal jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)(internal quotations omitted). In determining whether the plaintiff has met his burden, the "court accepts all well-pleaded allegations in the complaint as true." *Hyatt Int'l. Corp. v. Coco*, 302 F.3d 707, 712-13 (7th Cir. 2002). In addition, "the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Purdue Research*

*Found.*, 338 F.3d at 782; *see also Leong v. SAP America, Inc.*, 901 F.Supp. 2d 1058, 1061-62 (N.D. Ill. 2012)(explaining that "when the defendant challenges by declaration a fact alleged in the plaintiff's complaint, the plaintiff has an obligation to go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction").

## DISCUSSION

Silvia Arceo contends that Plaintiffs have incorrectly named her as a sole proprietor of the Restaurants. Silvia Arceo contends that she does not conduct business in Illinois and does not have contacts with Illinois relating to the Restaurants that would subject her to personal jurisdiction in Illinois. Plaintiffs, however, have presented evidence showing that Silvia Arceo completed a City of Chicago Business license renewal for one of the Restaurants and that the City of Chicago issued a business license in her name. (Resp. Ex. A-B). Defendants admit that a business license was obtained in Silvia Arceo's name, but contend that her husband, Agustin Arceo, "used her name erroneously on the application." (Reply 1). Although Agustin Arceo claims that the "use of his wife's name was in error," he fails to offer any explanation as to how such an error could have occurred. (Ag Aff. Par. 3). It is no insignificant matter to obtain a license in someone else's name. Yet Agustin Arceo fails to explain how such an extraordinary event occurred. Such conduct of filling out an application with a governmental entity using someone else's name without their knowledge potentially could have other consequences. Nor have

3

Defendants presented a copy of the application to determine whether Silvia Arceo's signature appears on the application. Nor does Agustin Arceo explain why he did not correct his "error" when he discovered that the business was in the name of his wife. Defendants must offer more than conclusory affidavits to show that Silvia Arceo was not in fact the proprietor of one of the Restaurants. Defendants have not presented sufficient evidence to show that the public records listing Silvia Arceo as the sole proprietor of one of the Restaurants are inaccurate. In addition, to the extent that Defendants seek to further contest personal jurisdiction in this matter in the future, Plaintiffs are entitled to conduct discovery relating to Agustin Arceo's alleged "error" on the business license application, and Silvia Arceo's knowledge of and involvement in the Restaurants. Therefore, Silvia Arceo's motion to dismiss is denied.

## CONCLUSION

Based on the foregoing analysis, Silvia Arceo's motion to dismiss is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 23, 2016